IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THREE LOWER COUNTIES            *
COMMUNITY HEALTH SERVICES, INC. *
                                *
        v.                      *  Civil Action WMN-10-2488
                                *
MARYLAND DEPARTMENT OF HEALTH   *
AND MENTAL HYGIENE et al.       *

*   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Pending before the Court are two motions: Defendant Maryland Department of Health and Mental Hygiene's Motion to Alter or Amend Judgment, ECF No. 68, and Plaintiff Three Lower Counties Community Services, Inc.'s Motion to Strike, or in the Alternative, Opposition to Defendant's Motion, ECF No. 69. The motions are ripe for review. Upon consideration of the pleadings, facts and applicable law, the Court determines that (1) no hearing is necessary, Local Rule 105.6, (2) Plaintiff's Motion to Strike will be denied and (3) Defendant's Motion to Alter or Amend Judgment will be denied for the reasons set forth below.

**I. BACKGROUND**

This case has a long procedural history that this Court has extensively chronicled in its past memoranda. See ECF No. 25; ECF No. 66. In a nutshell, Plaintiff Three Lower Counties Community Health Services, Inc., (TLC) which is a Federally

Qualified Health Center, sued Defendant Maryland Department of Health and Mental Hygiene (the Department) alleging that the Department has failed to comply with various provisions of the federal Medicaid Act.  The present motion implicates only one of the issues that the parties have disputed.  The history relevant to this issue is relatively concise and outlined below.

On January 5, 2011, the Court granted summary judgment for Plaintiff on its claim that the Department "failed to provide for Plaintiff's reimbursement for medically necessary emergency services rendered to out-of-network patients, as is required by federal statute."  ECF No. 26.  This order did not resolve all pending claims, however, so the Court did not enter judgment for either party at that time.  Subsequently, the parties filed numerous pleadings with this Court regarding additional pending claims, which the Court finally resolved on August 23, 2011.  On that date the Court filed an order setting forth the disposition of the various pending motions.  As all pending claims against all parties were resolved upon filing of that order, the Court also entered its final judgment for all claims and directed that the case be closed.

On August 25, 2011, the Department filed the present Motion to Alter or Amend Judgment, arguing that on August 8, 2011, a new Maryland regulation went into effect that warrants the Court's reconsideration of its judgment that the Department has

failed to ensure TLC is properly reimbursed for medically necessary emergency services provided to out-of-network patients. The Department also argues that it has new evidence for the Court to consider with regard to this same issue. TLC opposes this motion and argues that (1) it was not timely filed, and so should be stricken; (2) that despite the new regulation, the Department still fails to meet federal Medicaid standards; and (3) the new evidence does not indicate that the Department is in compliance with the law.

**II. MOTION TO STRIKE**

TLC filed its Motion to Strike on the grounds that the Department failed to file its motion within 28 days after entry of judgment, as required by Rule 59(e). While TLC is correct that, under this rule, such motion must be filed within 28 days after entry of judgment, TLC bases this argument on the incorrect contention that judgment was entered on January 5, 2011. On January 5, 2011, this Court issued an Order (the January 5 Order), ECF. No. 26, granting in part and denying in part Plaintiff's Motion for Summary Judgment. Rule 54 expressly defines the term "judgment" as used in the Rules, and 54(b) specifies that

> [w]hen an action presents more than one claim for relief. . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines</u> that there is no just reason for delay. Otherwise, any order or other decision, however designated,

3

> that adjudicates fewer than all the claims. . . does not end the action as to any of the claims. . . and may be revised at any time before the entry or a judgment adjudicating all the claims. . .

Fed. R. Civ. P. 54(b) (2011) (emphasis added). As the January 5 Order only resolved one of the claims made by TLC and the Court did not expressly state that it would enter a final judgment for the resolved claim, the January 5 Order cannot be considered to be a final judgment. It was not until the Court issued its order on August 23, 2011, ECF No. 67, that the Court resolved all pending claims and so entered judgment in favor of Plaintiff for the claim at issue in the instant motion. See ECF No. 67 at ¶4 ("That Judgment is hereby ENTERED in favor of Plaintiff and against Defendants as to Defendants' failure to ensure Plaintiff's reimbursement for medically necessary emergency services provided to out-of-network patients as required by law"). As the Department filed its Rule 59(e) Motion on August 25, 2011, only 2 days after this Court entered its final judgment in the case and well within the 28 day period, the motion was timely filed and Plaintiff's Motion to Strike will be denied.

**III. MOTION TO AMEND OR ALTER JUDGMENT**

Rule 59(e) permits a party to move to alter or amend a judgment. Fed. R. Civ. Proc. 59(e). The Rule itself does not provide any grounds for granting relief, so the Court has

considerable discretion in deciding whether to grant or deny such motions. Courts interpreting Rule 59(e) have found three grounds for relief: "(1) an intervening change in controlling law, (2) new evidence that was not [previously] available. . . , or (3) that there has been a clear error of law or manifest injustice." Robinson v. Wix Filtration Corp. LLC, 559 F.3d 403, 407 (4th Cir. 2010). Such motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-128 (2d ed. 1995).

Defendant asserts that it has grounds to file its Rule 59(e) motion because there has been a change in the controlling law that the parties did not have the opportunity to brief prior to the Court's judgment. The change in the law is the State's adoption of a new regulation, found in the Code of Maryland Regulations (COMAR) 10.09.65.20(C), which took effect on August 8, 2011, over seven months after this Court initially resolved the out-of-network emergency services reimbursement issue in its January 5 Order, and only three weeks prior to the Department filing the present motion. Furthermore, the Department asserts that it has obtained new evidence not available at the time it originally briefed this issue.

**A. Adoption of COMAR 10.09.65.20(C)**

The Department requests that the Court amend its judgment that the Department has failed to comply with Section 1396(b)(m)(2)(A)(vii) of the Medicaid Act, which is found in Title 42 of the United States Code. The Court previously determined in its January 5, 2011, Memorandum that this provision of the Medicaid Act requires that, if the state is to receive Medicaid funding, the Department ensure

> contracts between the Department and Maryland [Managed Care Organizations, or MCOs] explicitly provide for payment to [Federally Qualified Health Centers, or FQHCs] for services the FQHCs render to out-of-network patients when such patients need 'medically necessary' care that is 'immediately required due to an unforeseen illness, injury or condition'

ECF No. 25 at 44. See also Three Lower Counties Cmty. Health Servs., Inc. v. Maryland Dep't of Health & Mental Hygiene, 498 F.3d 294, 304 (4th Cir. 2007).

Defendant initially attempted to comply with this provision by issuing to all Maryland MCOs and FQHCs "MCO Transmittal No. 80," which acknowledged the Department's responsibilities pursuant to the Medicaid Act and advised that MCOs must begin fully reimbursing FQHCs for emergency services rendered to the MCO's patients, even if the FQHC does not have a contract with that particular MCO. ECF No. 16-6 (Transmittal). Plaintiff challenged Defendant's contention that the Transmittal achieved compliance with federal law, and the Court, in the January 5,

6

2011, Memorandum agreed that the Transmittal did not meet the requirements of the law. See ECF No. 25 at 46.

In the present motion, the Department argues that its newly adopted regulation, which essentially codifies the Transmittal, satisfies the requirements of the Medicaid Act. The Court disagrees. Though the Transmittal now has the force of law because it is an administrative regulation adopted by the State, it contains potentially problematic verification requirements that are not found anywhere within the Medicaid Act. Additionally, the Fourth Circuit has suggested a preference for this provision to actually be included within the State's contracts with managed care organizations. See Three Lower Counties Cmty. Health Servs., Inc. v. Maryland Dep't of Health & Mental Hygiene, 498 F.3d 294, 304 (4th Cir. 2007) ("In plain language, this section requires States to include in their contracts with managed care organizations a provision that requires" reimbursement for emergency services to out-of-network health centers). As such, the Court finds that this change in law is insufficient reason for the Court to amend its previous judgment.

**B. New Evidence: Admission of Received Reimbursement Payments**

The Department also argues that after the Court filed the January 5 Order, it received additional evidence through discovery that compels an amendment of the Court's initial

7

judgment. The Department points to TLC's responses to the Department's requests for admissions, which indicate that TLC received supplemental payments from the Department for out-of-network services performed January 1, 2007 to December 31, 2009. The Department also points to an alleged lack of evidence that TLC experienced a shortfall due to the Department's failure to reimburse it for out-of-network services.

While it may be the case that the Department has complied with the law by making required supplemental payments, the Medicaid Act clearly lays out additional requirements that the Department has still failed to fulfill. As mentioned above, the Fourth Circuit determined that the Medicaid Act includes an unambiguous requirement that Maryland's contracts with MCOs contain language ensuring that FQHCs receive full reimbursement for emergency services provided to out-of-network patients. This statutory requirement is not fulfilled by merely making payments; it requires the Department to take additional steps to explicitly specify that either it or the MCOs will be responsible for reimbursing FQHCs and then to bind the responsible entity to that duty. These additional steps are necessary so that FQHCs have certainty about which entity or entities will provide reimbursement and because it creates a binding legal obligation that the FQHCs can seek to enforce if such reimbursement is withheld.

As the new evidence proffered by the Department does not demonstrate fulfillment of all Medicaid Act requirements, the Court does not find any reason to alter its previous judgment.

**IV. CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff Three Lower Counties Community Services, Inc.'s Motion to Strike will be denied and Defendant Maryland Department of Health and Mental Hygiene's Motion to Alter or Amend Judgment will be denied. The Court will issue a separate Order.

_____/s/_____
William M. Nickerson
Senior United States District Judge

October 19, 2011